IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CASEY RUNOLFSON,<br><br>                      Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:14-CV-588-TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on Defendant Safeco Insurance Company of America's ("Safeco") Motion for Summary Judgment. For the reasons discussed below, the Court will grant Safeco's Motion on the grounds of res judicata.

## I.  BACKGROUND

       In October 2009, Safeco issued a homeowner's insurance policy to Plaintiff Casey Runolfson ("Runolfson"), which was renewed in October 2010. To obtain the insurance, Runolfson contacted Marci Pope with McKeachnie Insurance, an insurance broker in Vernal, Utah. Runolfson stated that his father would come in and sign any papers needed for the policy, as he was out of town at the time. Runolfson gave Ms. Pope some information over the phone, she quoted him a rate, and later Runolfson's father went to the insurance office and signed the application[1] on Runolfson's behalf. It is disputed whether Ms. Pope inquired about Runolfson's dog ownership while taking his information. However, it is undisputed that Runolfson owned at least one pit bull that he kept at his home when the policy was issued and at all times that the

---

[1] Runolfson disputes that the documents given to him upon issuance of the policy, including the page that his father signed, constitute an "application."

1

policy was in force. It is also undisputed that, despite this, the application form submitted to Safeco by McKeachnie Insurance and signed by Runolfson's father indicated that there were no dogs on the premises. Had the application indicated that Runolfson owned a pit bull, Safeco would have denied him coverage.

On April 2, 2011, Runolfson's two pit bulls attacked James Wayman ("Wayman") causing serious injuries. Both Runolfson and Wayman contacted Safeco requesting coverage for Wayman's injuries. The request triggered an investigation into Runolfson's coverage because his application on file with Safeco had the "no dogs" box checked. Runolfson told a Safeco investigator on April 12, 2011, that he did have pit bulls and had owned at least one pit bull the entire duration of the policy. On June 9, 2011, Safeco informed Runolfson that it intended to rescind his policy based on the material misrepresentation on his application that he had no dogs. Safeco informed Runolfson that this omission would have triggered a declination of coverage, and therefore gave it grounds to rescind coverage.

On June 30, 2011, Safeco brought a declaratory judgment action against Runolfson in Utah state court seeking recession of the policy. On October 3, 2011, in exchange for the refund of his $1,275 in premium payments, Runolfson agreed to rescind the policy and signed a Release of All Claims. The Release stated:

> In consideration of said sum, I hereby release and forever discharge **Safeco Insurance Company of America**, and all of its agents, employees, successors, insurers, assigns, and related entities (hereinafter referred to as "Releasees") from any and all claims and causes of action which now exist or which may hereafter accrue, because of, for, arising out of, or in any way connected with insurance Policy No. OY06637922, which I entered into on October 27, 2009 thru October 27, 2010, and extended to October 27, 2010 thru October 27, 2011. . . .
> I also release and forever discharge Releasees from any and all claims and causes of action which now exist or which may hereafter accrue, because of, for, arising out of, or in any way connected with an occurrence on April 2, 2011, wherein dogs under my ownership attacked James Wayman.

\* \* \* \*

I understand and agree that this is a release of all claims against **Safeco Insurance Company of America** and includes, but is not limited to, all claims under Insurance Policy No. OY06637922, claims for defense, indemnification, and reimbursement, claims for breach of contract, breach of implied covenant of good faith and fair dealing, claims for mental or emotional distress, claims for loss of time, wages, income, profits, claims for punitive damages, and claims for attorney's fees and costs.

\* \* \* \*

The foregoing enumeration of claims is illustrative, and the claims hereby released are in no way limited by the above recitation of specific claims, it being the intent of the parties to this Release to fully and completely release and discharge Releasees from all claims. . . .

\* \* \* \*

I FURTHER STATE THAT I HAVE CAREFULLY READ THE FOREGOING RELEASE OF ALL CLAIMS, KNOW AND UNDERSTAND THE CONTENTS THEREOF, HAVE CONSULTED WITH MY ATTORNEY CONCERNING THE CONTENTS THEREOF AND THAT I SIGN THE SAME AS MY OWN FREE ACT.[2]

On that same date, Safeco and Runolfson filed a Stipulation for Entry of Judgment in the state court action ("Consent Judgment"). They agreed to judgment being entered in favor of Safeco and against Runolfson rescinding the insurance policy. As stated in the stipulation, Safeco agreed to reimburse Runolfson the $1,275 he paid for insurance premiums, and Runolfson agreed to "release all claims against Safeco Insurance Company of America that currently exist, or may arise in the future under Policy No. OY06637922," and "to release all claims against Safeco Insurance Company of America that currently exist, or may arise in the future, due to an incident on April 2, 2011 where Casey Runolfsen's dogs attacked James Wayman."[3] On October 21, 2011, the state court entered the Order and Judgment on Stipulation memorializing the agreement.[4]

---

[2] Docket No. 40-9, at 2.

[3] Docket No. 40-7, at 2–3.

[4] Docket No. 40-8, at 2.

3

Over two years after the rescission and entry of judgment, on April 1, 2014, Wayman filed suit against Runolfson in state court. Runolfson tendered the defense to Safeco, who denied the tender based on the 2011 settlement.[5] In turn, on July 16, 2014, Runolfson filed suit against Safeco in state court asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and for declaratory judgment.[6] Safeco removed.

## II.  DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[8] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[9] While some facts are disputed, it is undisputed that Runolfson entered into the Consent Judgment in state court to rescind his homeowner's insurance policy and signed a release of any other claims that he might have remaining against Safeco. The Court holds that the Consent Judgment precludes Runolfson's claims under the doctrine of res judicata for the reasons stated below.

"The Constitution's Full Faith and Credit clause, Art. IV, § 1, is implemented by the Federal Full Faith and Credit Statute. 28 U.S.C. § 1738, which reads . . . 'judicial proceedings . .

---

[5] Docket No. 2-2, at 5.

[6] *Id.* at 5–10.

[7] Fed. R. Civ. P. 56(a).

[8] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[9] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

. shall have the same full faith and credit in every court within the United States . . . as they have by law . . . in the courts of such State . . . from which they are taken.'"[10] Therefore, federal courts "'must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'"[11] Therefore, the Court looks to Utah law to determine whether Runolfson's claims are barred by res judicata.

In Utah, "'[t]he doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion.'"[12] Claim preclusion involves the same parties, their privies, and "all issues that could have been litigated as well as those that were, in fact, litigated in the prior action."[13] Issue preclusion "prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit."[14]

Runolfson's claims are barred by claim preclusion. Claim preclusion bars claims in a subsequent action when three elements are met: 1) both actions involve the same parties or their privies, 2) the allegedly barred claim was presented, or could have been presented in the first action, and 3) the claim in the first action must have been resolved by a final decision on the merits.[15]

Here, all elements of claim preclusion are met. First, both actions involve the same parties, Safeco and Runolfson; second, both claims arise out of the same transaction, Runolfson's

---

[10] *Vance v. State of Utah,* 744 F.2d 750, 752 (10th Cir. 1984) (applying Utah preclusion law in a diversity case).

[11] *Id.* (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

[12] *Mack v. Utah State Dept. of Commerce*, 221 P.3d 194, 203 (Utah 2009) (quoting *Macris & Assocs. v. Neways, Inc.*, 16 P.3d 1214, 1219 (Utah 2000)).

[13] *Buckner v. Kennard*, 99 P.3d 842, 846 (Utah 2004) (internal quotation marks omitted).

[14] *Id.* (internal quotation marks omitted).

[15] *Miller v. USAA Cas. Ins. Co.*, 44 P.3d. 663, 678 (Utah 2002).

alleged misrepresentation to Safeco and Safeco's subsequent rescission of his homeowner's policy; and finally, the state court judgment is considered a final judgment on the merits.

Runolfson concedes in his memorandum in opposition to summary judgment that "the first two elements have been met,"[16] but disputes that the Consent Judgment was a final judgment on the merits. He argues that a Consent Judgment is generally not appealable, and therefore cannot be a final judgment on the merits for the purposes of claim preclusion. Runolfson is mistaken. The Utah Court of Appeals has held that "claim preclusion applies to consent judgments" and that the fact that a judgment is entered upon "a stipulation does not change [that] holding."[17]

Runolfson argues, in the alternative, that the judgment is void and is therefore a nullity, and as such, cannot be a final judgment on the merits. "A judgment is not void merely because it is erroneous or because some irregularity inhered in its rendition. It is void *only* if the court that rendered it lack jurisdiction of the subject matter or of the parties or if the court acted in a manner inconsistent with due process."[18]

The Eighth District Court of Utah had jurisdiction to enter judgment on Safeco's claim and did not act in a manner inconsistent with due process. The alleged misrepresentation, the issuance of the policy, and the dog attack all occurred in Vernal, Utah. Absent a motion to remove by either party, the Eighth District Court had personal and subject matter jurisdiction over the claim.

Runolfson argues that the judgment was inconsistent with due process because Wayman was not notified of the declaratory judgment action or the consent judgment and had no

---

[16] Docket No. 40, at 7.

[17] *State of Utah v. V.G.P.* 845 P.2d 944, 946 (Utah Ct. App. 1992).

[18] *Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 385 (Utah Ct. App. 1991).

opportunity to join. This argument is unavailing because, notwithstanding his injuries, Wayman did not have standing to join Safeco's declaratory judgment suit. The Utah Supreme Court has stated "we want to repel any inference . . . that one who claims to be damaged by the negligent act of another, is a proper party to an action by [that party's] insurer . . . whereby a declaratory judgment is sought declaring the legal effect of the terms of such a policy. . . . The tort victim has no present legal interest in [such an] insurance contract."[19] Wayman had the opportunity to receive due process by seeking a judgment against Runolfson, which he eventually obtained through arbitration.

Runolfson relies on a California state appellate court case to further argue that a judgment is void when it violates a statutory scheme or offends public policy. This is not Utah law, and the Utah state child support case that Runolfson cites, which tangentially supports this proposition, is inapposite in this context of an insurance dispute. The statutory scheme that Runolfson argues has been violated is Utah Code Ann. § 31A-22-202, which prohibits collusion between an insurer and insured to retroactively abrogate insurance coverage after a loss that harms a third party. Safeco counters that this statute only applies to collusion between an insurer and insured, and not to stipulations that allow courts to enter judgment in contested litigation. The Court need not resolve which interpretation of the statute is correct because Utah has not extended the definition of void judgments beyond those entered without jurisdiction or in violation of due process. Moreover, this is not the type of comprehensive statutory scheme at issue in the cases relied upon by Runolfson. In any case, even if the judgment were void for violating the statute, the proper remedy is not to bring this action, but to seek relief from the state court judgment under Utah Rule of Civil Procedure 60(b)(4).

---

[19] *Utah Farm Bureau Ins. Co., v. Chugg*, 315 P.2d 277, 281 (Utah 1957).

If the judgment was instead voidable because it was erroneous, which this Court need not decide, the remedy is also to seek relief in state court under Rule 60. The erroneousness of a judgment is no defense to claim preclusion. "*Res judicata* protects wrong decisions as fully as right ones."[20]

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Safeco's Motion for Summary Judgment (Docket No. 39) is GRANTED. It is further

ORDERED that Plaintiff Runolfson's Motion to Continue (Docket No. 50) is DENIED as moot.

The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiff, and close this case forthwith.

DATED February 9th, 2016.

BY THE COURT:

_____
Ted Stewart
United State District Judge

---

[20] *Vance*, 744 F.2d at 753.