IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CASEY RUNOLFSON,<br><br>                Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION TO EXTEND TIME<br><br><br>Case No. 2:14-CV-588 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on Defendant Safeco Insurance Company of America's Motion to Strike Plaintiff's Objection to Bill of Costs and Plaintiff Casey Runolfson's Motion to Extend Time. For the reasons discussed below, the Court will deny Plaintiff's Motion to Extend Time and will grant Defendant's Motion to Strike.

I. BACKGROUND

      The Court entered summary judgment in favor of Defendant and against Plaintiff on February 9, 2016. Judgment was entered on February 22, 2016. Defendant timely filed its Bill of Costs on March 7, 2016. DUCivR 54-2(b) required Plaintiff to file any objection to the Bill of Costs within fourteen days. Plaintiff did not. Rather, without seeking leave of the Court, Plaintiff filed an untimely objection on April 8, 2016.

      Defendant filed its Motion to Strike on April 18, 2016. Defendant requests the Court strike Plaintiff's untimely objection.

      Plaintiff did not timely respond to Defendant's Motion to Strike. Instead, on May 6, 2016, the day after his response was due, Plaintiff filed his Motion to Extend Time. Through his

Motion, Plaintiff seeks to extend the time to file his response to the Motion to Strike and objection to the Bill of Costs pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

## II. DISCUSSION

Rule 6(b)(1)(B) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether a party's neglect is excusable, the Court considers: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party.[1] "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[2]

"[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[3] Here, counsel blames the missed deadlines on separating from his firm, losing computer access, and being preoccupied with another case. These reasons do not constitute excusable neglect.

As to counsel's statements concerning separating from his firm and losing access to emails, calendars, staffing, and other support, counsel admits that this happened on May 2, 2016. Plaintiff's response to Defendant's Bill of Costs was due long before that date. As set forth above, Defendant filed its Bill of Costs on March 7, 2016. Plaintiff's response was due fourteen days thereafter. Further, Plaintiff actually filed his untimely objection to the Bill of Costs before

---

[1] *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).

[2] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

[3] *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

counsel separated from his former firm.  Therefore, as a mere matter of timing, counsel's separation from his firm and his subsequent loss of access could have played no part in the missed objection deadline.  While this may explain the failure to timely respond to the Motion to Strike, the Court "give[s] little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the [due] date."[4]

This leaves only counsel's statement that he was busy with work in another case.  This type of neglect is not excusable neglect in the Tenth Circuit and "trumps the other three [factors]."[5]  Without more, Plaintiff has failed to demonstrate excusable neglect.  Therefore, the Court will deny Plaintiff's request to respond to the Motion to Strike and object to the Bill of Costs, and will strike Plaintiff's untimely objection.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Strike (Docket No. 55) is GRANTED.  It is further

ORDERED that Plaintiff's Motion to Extend Time (Docket No. 58) is DENIED.

---

[4] *Pioneer Inv. Servs. Co.*, 507 U.S. at 398.

[5] *United States v. Mitchell*, 464 F.3d 1149, 1152 (10th Cir. 2006), *overruled on other grounds by Mitchell v. United States*, 551 U.S. 1129 (2007) ("[C]ounsel's stated reason for the untimely filing is that he was 'immersed' in work for another trial in the days leading up to the filing deadline.  This type of neglect is not excusable under the law of our circuit and trumps the other three."); *see also Maryland Cas. Co. v. Conner*, 382 F.2d 13, 17 (10th Cir. 1967) ("The fact that appellant's counsel is professionally engaged in other matters does not show excusable neglect.").

DATED this 31st day of May, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge